IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE GUTIERREZ, i*ndividually and as guardian*
*of Augustine Gutierrez, an incapacitated adult,*
PETER GUTIERREZ, *individually,* and ANDREA
GUTIERREZ, *parent and guardian of Jamie Gutierrez*
*and Jada Gutierrez,*

       Plaintiffs,

v.                                                                                          CIV 08-0990 KBM/LAM

EDDY COUNTY, D.P. LYONS, *in his individual and official*
*capacities as Warden of the Eddy County Detention Center,*
BEATY DENNINGER, *in his individual and official capacities*
*as a Sergeant with the Eddy County Detention Center,*

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Plaintiffs' Motion to Amend Complaint *(Doc. 46)* and Defendants' Motion for Summary Judgment for All Constitutional Claims Against Individual Defendants and for All Claims Against Eddy County *(Doc. 30)*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. The Court has carefully reviewed the motions, the memoranda and exhibits submitted by the parties and the relevant authorities, and I find that oral argument is unnecessary for my ruling.

The undisputed facts demonstrate that while a detainee at the Eddy County Detention Center ("ECDC"), Augustine Gutierrez attempted suicide by hanging in his cell on May 25, 2008. He now lies in a vegetative state. Plaintiffs originally brought suit against Eddy County, ECDC Warden D.P. Lyons and Sergeant Beaty Denninger, the ECDC detention officer at intake

the day Augustine Gutierrez was booked into the facility.[1] Plaintiffs' Complaint asserts the following claims against those Defendants: Count I – Section 1983 Fourteenth Amendment violation for deliberate indifference to serious psychological medical needs against all Defendants; Count II – Negligence/Gross Negligence state law claim; and Count III – Loss of Consortium. *See Doc. 1.*

Plaintiffs now seek to amend their Complaint as follows: (1) to remove any claims against Warden Lyons because discovery failed to bear out any facts supporting liability against him; (2) to add the Eddy County Board of Commissioners to conform to the dictates of N.M. Stat. Ann. ¶ 4-16-1; and (3) add several other Defendants. The Defendants sought to be added include:

• *Shirley Rodriguez and Miguel Jaure* – detention officers at ECDC who were in charge of checking the cells every half hour that night, failed to do so and falsified the log books to conceal their failure to do so.

• *Rhonda Bryant* – a nurse at ECDC who allegedly refused to give Gutierrez his psychotropic medications for his depression and bipolar mental disorder.

• *City of Artesia and Martin Martinez* – the Artesia Police Officer who interviewed Gutierrez after he was arrested following a domestic disturbance. He knew Gutierrez was suicidal but nevertheless transported him to the ECDC rather than a mental health facility or hospital.

It appears that Plaintiffs seek relief from any newly-added individual defendant in his or her individual capacities as to all three Counts and against the City of Artesia only on the state law claims in Counts II & III.

"Rule 15(a) of the Federal Rules of Civil Procedure provides that leave of the court to amend pleadings should be freely given when justice so requires." *Bauchman v. West High Sch.*,

---

[1] Plaintiffs also sued the spouses of the individual defendants but voluntarily dismissed them. *See Docs. 26 & 27.* They also acknowledge that "Eddy County" is not a proper party, and that is why they seek to amend to name the Board of County Commissioners. *Doc. 47 at 21.*

132 F.2d 542, 559 (10th Cir. 1997).  Defendants maintain, however, that

> none of the factual allegations contained in the proposed
> Amended Complaint sufficiently allege a Constitutional violation
> on the part of <u>any</u> defendant named in the Proposed Amended
> Complaint.  Further, even after extensive depositions, the Plaintiffs
> are unable to overcome the substantial burden for showing
> "deliberate indifference" require to allege or establish a
> Constitutional violation by <u>any</u> named defendant, including
> defendants named in the proposed Amended Complaint.
> Therefore, amendment of the Plaintiffs' Complaint would be futile;
> additionally, amendment would not substantially alter the
> pleadings and would therefore result in undue burden or expense.

*Doc. 56* at 2 (emphasis added).  In support of their "futility" arguments, Defendants rely upon the arguments raised in their motion for partial summary judgment – namely, an asserted failure of evidence on the element of "deliberate indifference."

In seeking summary judgment for Sergeant Denninger, Defendants rely upon her affidavit testimony that on May 22, 2008,

> [d]uring booking, I asked Augustine Gutierrez questions typical to
> the booking process, and I completed the ECDC medical screening
> form.  During questioning, Augustine stated that he was bipolar
> and that he had prior mental health issues, but he denied any
> current or past suicidal ideations. . . .  With regard to [his] last
> incarceration at ECDC on May 25, 2008, I simply was not aware of
> any facts that actually indicated to me that there was a substantial
> risk that Augustine Gutierrez would attempt to hang himself.

*Doc. 30* at 20.  Defendants argue that a jailer violates the Fourteenth Amendment only if she is deliberately indifferent to a *known* risk that a pre-trial detainee will commit suicide, and that, *based upon her testimony*, Denninger neither knew of the suicide risk nor actually made the connection of that risk.  *See Gaston v. Ploeger*, 229 Fed. Appx. 702, 708 (10th Cir. 2007).

Indeed, as Defendants point out, "deliberate indifference" to a detainee's serious medical

3

needs has both subjective and objective components. "The objective component of the test is met if the harm suffered was sufficiently serious . . . . Obviously, suicide satisfies this requirement." *Id.* at 710. As the *Gaston* court held,

> the subjective component of the test requires a showing that the defendant acted with a culpable state of mind. . . . the required *mens rea* lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." [citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The [*Farmer*] court held that "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

*Id.* Thus, the issue for my consideration is whether Plaintiffs have come forward with sufficient evidence that Sergeant Denninger was both aware of facts from which the inference of a substantial suicide risk could be drawn and that the inference was indeed drawn.

    I believe that *when viewed in the light most favorable to the <u>nonmovant</u>*, Plaintiffs have met this burden. Officer Martinez testified in his deposition that he specifically decided to transport Gutierrez to ECDC instead of the Artesia jail *because* of Gutierrez' statements that he was depressed and suicidal, and Officer Martinez felt that ECDC was better equipped to handle suicidal inmates. In his Artesia screening form, Officer Martinez expressly noted that Gutierrez has mental health issues, that he was concerned for the detainee's safety because Gutierrez was "suicidal," "bipolar," "was in Sunrise [mental health facility] for a week" and under the care of Dr. Babak, a Carlsbad psychiatrist. Officer Martinez believes that "more likely than not" he pulled Sergeant Denninger aside and told her about the suicide risk "because I've done it on every transport." Defendant Denninger simply testified that she doesn't remember Officer

4

Martinez telling her about this risk.

Moreover, the screening form which Sergeant Denninger admits was handed to her by Officer Martinez specifically identified Gutierrez as being suicidal *the very day* he was booked into ECDC. There is no dispute that this Artesia screening form actually made it into and was found in ECDC's file. Sergeant Denninger denies that she read that screening form but acknowledged that policy and procedure called for her to review that medical information form. In fact, Sergeant Denninger testified that she "make[s] sure that officers under [her] supervision are compliant with policies and procedures set forth by ECDC to ensure proper control and order within the facility" and "ensuring the safety and security of the ECDC facility, inmates, and officers." Warden Lyons testified that his staff are trained "according to policy" and that "policy tells them that they're supposed to look at every document the police officer brings in."

Plaintiffs also rely on some irregularities in how Sergeant Denninger filled out her own medical screening form. As part of her own medical screening, according to policy, she would have been required to fill out an "Inmate Behavioral Observation" form. That form was not found in Gutierrez' ECDC file although it should have been. Indeed, had Sergeant Denninger reviewed the record of Gutierrez' prior custody at ECDC just weeks earlier, she would have found that she had personally placed him in the Kappa Unit for protection "due to mental problems." Warden Lyons testified that "black-and-white" policy called for the booking officer to "check[] his prior incarceration to see where he was housed at and why."

Given the evidence cited above, again, *in the light most favorable to Plaintiffs*, I find that they have raised a material issue of fact in dispute as to the subjective component of deliberate indifference which precludes the entry of summary judgment. I find that clearly established law

5

put Defendant Denninger on notice that deliberate failure to address a known risk of suicide would violate an inmate's constitutional rights, and that because the evidence could suggest that may have occurred, she is not now entitled to qualified immunity.

So I return to the initial inquiry – should the motion to amend be granted?  As to proposed additional defendants, does the new complaint sufficiently allege facts that would support a finding of deliberate indifference?  I find that the briefing fails to adequately address that issue because it focused primarily on Sergeant Denninger's state of my mind, and the allegations of the Proposed Amended Complaint seem to state a viable claim for at least negligence and perhaps more.  Insofar as there are deficiencies as to any claims against the newly added Defendants, they can file a motion to dismiss or for summary judgment.

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend Complaint *(Doc. 46)* is granted.  Plaintiffs are instructed to file their Amended Complaint forthwith.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment for All Constitutional Claims Against Individual Defendants and for All Claims Against Eddy County *(Doc. 30)* is granted in part.  Defendant Eddy County is dismissed as an improper party pursuant to Rule 12(b)(6).  In all other respects, the motion is denied.

_____
UNITED STATES MAGISTRATE JUDGE