IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUGUSTINE GUTIERREZ, *et al.*,

    Plaintiffs,

v.                                                                     CIV 08-0990 KBM/LAM

BOARD OF COMMISSIONERS OF THE
COUNTY OF EDDY, a body politic, *et al.*,

    Defendants.

# MEMORANDUM OPINION AND ORDER

    THIS MATTER is before the Court upon Plaintiffs' motion for a seventeen-day extension to file a response *(Doc. 99)* to the motion for summary judgment filed by Defendants City of Artesia and Martin Martinez ("City Defendants") *(Doc. 74)*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. The Court has carefully reviewed the motion, the memoranda and exhibits submitted by the parties and the relevant authorities, and I find that oral argument is unnecessary for my ruling.

    Plaintiffs' lead counsel Joel Robbins concedes that he missed the deadline for filing a response to the City Defendants' motion for summary judgment.[1] He takes full blame and explains that his office staff calculated the due date for the responsive pleading based upon the

---

[1] In their Notice of the Completion of Briefing on the motion fo summary judgment, the City Defendants specifically note that D.N.M. LR-Civ 7.1 provides that "the failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." *See Doc. 98.*

local rules for the District of Arizona (in which he usually practices) rather than our local rules for the District of New Mexico (where he appears *pro hac vice* with local counsel Joseph Zebas).

The City Defendants acknowledge that Federal Rule of Civil Procedure 6(b)(1)(B) permits an extension of time from a deadline when based upon excusable neglect, but simply assert that "[f]ailure to appreciate and comply with the Local Rules due to ignorance or misapprehension of those rules should not constitute excusable neglect." *Doc. 106* at 2 (citing to *Quigley v. Rosenthal*, 427 F.3d 1232 (10th Cir. 2005). They then incorporate the arguments made by the Eddy County Defendants in their response to the motion for extension.

The County Defendants refer to the factors considered in the Tenth Circuit's test for determining whether there is excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay and whether it was in the reasonable control of the moving party; and (4) the existence of good faith on the moving party. *See, e.g. Hamilton v. Water Whole Int'l Corp.*, 302 Fed. Appx. 10th Cir. 2008). On balance, given all the circumstances in this particular case, I believe these factors weigh in favor of a finding of excusable neglect in miscalendaring the deadline for a response. *See, e.g. D.G. Shelter Prods. Co. v. Forest Prods. Co.*, 769 F.2d 644, 645 (10th Cir.1985) (observing, in a case dismissed for failure to respond to a motion, that plaintiff's counsel had not committed "an inadvertent slip-up resulting from a date not being entered or being erroneously noted"); *but see United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004) (counsel's misinterpretation of readily accessible, unambiguous language in Federal Rule of Appellate Procedure governing time for filing notice of appeal in criminal case could not constitute "excusable neglect").

According to the County Defendants, their real opposition to the extension lies in their belief that the missed deadline for the response reflects a pattern and practice of Plaintiffs'

counsels' disregard for the rules of civil procedure.  Indeed, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."  *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir.1988).

Eddy County Defendants contend that

> [i]f this were an isolated incident, then counsel for Eddy County may understand why the Plaintiffs are entitled to the mercy of the Court.  No human being is perfect.  However, the Rules do not require perfection but a good faith attempt to comply.  Plaintiffs' counsel have repeatedly failed to abide by the Rules of Civil Procedure.  This cannot be a good faith attempt to comply with them.

*See Doc. 100* at 4.  Defendants therefore have identified a valid concern, but I cannot say on the record before me that the past conduct of Plaintiffs' counsel thus far constitutes a bad faith attempt to avoid its obligations under the rules.  As to the missed deadline at hand, such "a mistake . . . could occur in any [attorney's] office, no matter how well run."  *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005)(quoting *Hancock*, 857 F.2d at 1396).  I will caution all counsel, however, that I will be more circumspect of any future violations of our local rules and the federal rules of procedure.

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion *(Doc. 99)* is granted.  Plaintiffs' response *(Doc. 102)* shall be considered timely filed.

_____
UNITED STATES MAGISTRATE JUDGE