**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**AUGUSTINE GUTIERREZ, et al.,**

      **Plaintiffs,**

**vs.**                                                                  **No. CIV-08-0990 KBM/LAM**

**BOARD OF COMMISSIONERS OF**
**THE COUNTY OF EDDY, et al.,**

      **Defendants.**

# STIPULATED CONFIDENTIALITY ORDER

      **THIS MATTER** having come before the Court on *Artesia Defendants' Unopposed Motion for Entry of Stipulated Confidentiality Order (Doc. 130)*, and upon the agreement of the parties to keep confidential certain records that may be produced through this litigation, and which one or more parties will regard as proprietary or otherwise confidential, and the Court being fully informed in the premises, **FINDS** that the motion is well-taken and shall **GRANTED**.

      **IT IS THEREFORE HEREBY ORDERED** that *Artesia Defendants' Unopposed Motion for Entry of Stipulated Confidentiality Order (Doc. 130)* is **GRANTED**.

      **IT IS FURTHER ORDERED** that all documents, records and information designated by any party as confidential shall be kept strictly confidential from any disclosure which is not necessary to the prosecution and/or defense of the claims in this lawsuit, meaning that these documents and the information in them will be protected from disclosure outside of this lawsuit.

1

**IT IS FURTHER ORDERED** that this *Stipulated Confidentiality Order* shall apply to the parties in this matter, the attorneys involved in this matter, the law firms of the attorneys, including their staff, and any expert consults or expert witnesses retained in this matter as follows:

1. All confidential documents designated as such by the producing party, files and/or other tangible things, including videotapes, produced for inspection and copying by any party may be disclosed only to the following:

> A. Each party and the parties' legal counsel, including secretaries, legal assistants and clerical and support personnel working with or under the supervision of counsel, to the extent such disclosure is reasonably necessary to render professional services related to this action;
>
> B. Contract or temporary personnel engaged by, or working under, the direct supervision of each party's counsel, to the extent such disclosure is reasonably necessary to render professional services in this action;
>
> C. Any expert witness retained by any party for purposes of testifying or assisting in the preparation for trial or hearing of any further proceedings in this action;
>
> D. Such additional persons as agreed to in writing by these parties or otherwise ordered by a court of competent jurisdiction; and
>
> E. Any person who may testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in the preparation or examination of the witness.

2. Each party must instruct any and all persons given access to confidential material pursuant to this *Stipulated Confidentiality Order* and provide them with a copy of it; those persons must agree to be bound by the terms of this *Stipulated Confidentiality Order* <u>before</u> they may be given access to the documents and/or information.

3. The protection of this *Stipulated Confidentiality Order* may be invoked with respect to any covered material by any party to this litigation. Confidential information shall include all personal, medical and financial information furnished by or relating to the plaintiffs and any

information or documents relating to any of the defendants and other third parties, including but not limited to any investigation files or personnel files, produced by the parties during discovery.

4. A producing party shall designate Confidential Material, other than deposition transcripts, either by setting forth in a cover letter or written discovery responses with any Confidential Material produced that such material is Confidential Material, or alternatively, by placing a cover sheet on the front of Confidential Mater produced, with the word "CONFIDENTIAL" typed, written or printed on such cover sheet. The identification of Confidential Material in either of these fashions shall mean that all materials or information produced with such cover letter or cover sheet shall be "Confidential Material" unless the producing party clearly indicates otherwise.

5. With respect to documents, answers to interrogatories or requests for admission produced or to deposition transcripts delivered to any party to this action prior to the entry of this Order, any party shall have thirty (30) days from its entry to invoke the protection of this Order.

6. Any party wishing to challenge the "Confidential" designation assigned by any other party with respect to any material shall give written notice of such objection to counsel for the party who so designated the material in question. The parties agree to attempt promptly to resolve any objections through agreement. Any objections to designation not resolved by agreement of counsel shall be presented for resolution to the Court within twenty (20) days after a party is so notified, or such additional time as may be agreed upon or allowed by the Court. The party making the claim of confidentiality to which objection has been made shall move for a determination of whether the information is confidential. Failure to so move within the allotted period of time, including any extensions thereof, shall constitute a waiver of the claim of confidentiality. Any material which is the subject of the motion and which is attached thereto, and any portions of the motion and any

supporting memorandum brief making reference to such material shall be filed under seal, as provided in paragraph 11 below. The burden rests upon the party seeking the designation "Confidential" to demonstrate its necessity. Determination of a party's claim of confidentiality shall be made in accordance with the standards of the Federal Rules of Civil Procedure. The provisions of this ***Stipulated Confidentiality Order*** respecting confidentiality shall apply to any information or documents which are the subject of such motions until the matter is finally determined by the Court.

      7.      All documents or items designated as confidential shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under paragraph 1 above, and copies may be submitted to the Court under seal as necessary. Within sixty (60) days after such time as this action is concluded, whether by final adjudication on the merits from which there remains no right to appeal, or by any other means, and subject to further order of the Court or written stipulation of the parties, any party producing confidential material may require the party to whom such material was produced either to destroy, and so certify, or to return all documents and copies containing confidential materials in the possession or control of that party or counsel (including but not limited to copies in the possession or control of any expert or employee) to the party who produced them, with the exception of any documents containing an attorney's work product which shall continue to be subject to the provisions of this Order. The return or destruction of all such documents not otherwise excepted shall be completed within sixty (60) days after the entry of a final judgment or final order. With respect to deposition transcripts or other transcripts of testimony which contain

confidential information, the transcript shall remain the property of the party purchasing it, but the confidential information contained therein shall continue to remain subject to the provisions of this Order.

8.   Nothing in this *Stipulated Confidentiality Order* shall preclude any party from applying to the Court for additional or different protective provisions in respect to specific material if the need should arise during this litigation.  The Court shall retain jurisdiction over the parties and over any person who agrees to be bound by the terms of this *Stipulated Confidentiality Order*, for the limited purpose of enforcing the terms of this *Stipulated Confidentiality Order*, until the confidential material either is returned or is destroyed pursuant to the terms of this *Stipulated Confidentiality Order*.

9.   This *Stipulated Confidentiality Order* governs the treatment of all confidential information of the parties up to the time of trial of this action.  Nothing contained in this *Stipulated Confidentiality Order* shall be construed to prejudice any party's right to use at trial or any hearing before the Court in this litigation any confidential material, provided that reasonable notice of the intended use of such material (*e.g.*, a pretrial order) shall be given to opposing counsel.  The opposing party may apply to the Court for further protection of the confidentiality of such material.

10.   No confidential materials shall be filed in the public record of this action.  All material so designated in accordance with the terms of this *Stipulated Confidentiality Order* that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such material, shall be filed under seal, as provided for when filing electronically by the Court's CM/ECF Administrative Procedures Manual, until further Order of the Court.  Where possible, only confidential portions of filings with the Court shall be filed under seal.

11. Any of the parties may modify any of the provisions of this *Stipulated Confidentiality Order* by written agreement between or among themselves so long as any such agreement among less than all of the parties does not affect the rights, duties and obligations of any other party.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

SUBMITTED BY (*Prior to modifications by the Court):*

HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.

By:_____
    Richard E. Olson
    Meagan M. Norris
    P.O. Box 10
    Roswell, NM 88202-0010
    (575) 622-6510
Attorneys for Martin Martinez and the City of Artesia


APPROVED:

CARRILLO LAW FIRM, P.C.
**APPROVAL GIVEN VIA E-MAIL ON 08/17/09**
By:_____
    Raul A. Carrillo, Jr.
    Steven E. Jones
    Post Office Box 457
    Las Cruces, NM 88004-0457
    (575) 647-3200
Attorneys for the Board of Commissioners of Eddy
County, Miguel Jaure, Shirley Rodriguez,
Rhonda Bryant and Beate Denniger

ROBBINS & CURTIN, P.L.L.C.
**APPROVAL GIVEN VIA E-MAIL ON 08/15/09**
By:_____
      Joel B. Robbins
      301 E. Bethany Home Rd., Suite B-100
      Phoenix, AZ 85012
      (602) 285-0100
Attorneys for Plaintiffs

ZEBAS LAW FIRM, L.L.C.
**APPROVAL GIVEN VIA JOEL ROBBINS 08/15/09**
By:_____
      Joseph M. Zebas
      P.O. Box 1675
      Hobbs, NM 88240
      (575) 393-1024
Attorneys for Plaintiffs