IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUGUSTINE GUTIERREZ, *an*
*incapacitated adult, through his conservator,*
*guardian and mother,* JANE GUTIERREZ;
JANE GUTIERREZ, *an individual;*
PETER GUTIERREZ, *an individual;* and
JAMIE GUTIERREZ, and JADE GUTIERREZ,
*minor children, through their parent and guardian,*
ANDREA GUTIERREZ,

      Plaintiffs,

v.                                     CIV 08-0990 KBM/LAM

BOARD OF COMMISSIONERS OF THE
COUNTY OF EDDY, *a body politic;*
BEATE DENNINGER, *in her individual and official*
*capacities as a detention officer with the Eddy County Detention Center;*
SHIRLEY RODRIGUEZ, *in her individual and official*
*capacities as a detention officer with the Eddy County Detention Center;*
MIGUEL JAURE, *in his individual and official*
*capacities as a detention officer with the Eddy County Detention Center;*
RHONDA BRYANT, *in her individual and official*
*capacities as a nurse with the Eddy County Detention Center;*
CITY OF ARTESIA, NEW MEXICO, *a municipality;* and
MARTIN MARTINEZ, *in his individual capacity only as a police officer*
*with the Artesia Police Department,*

      Defendants.

## ORDER DENYING DEFENSE FEES
## &
## FOR CLERK TO UPDATE THE DOCKET
## TO REFLECT DISMISSAL OF THE ARTESIA DEFENDANTS

      In my Memorandum Opinion and Order and Judgment entered on September 19, 2009, I

granted summary judgment in favor of the City of Artesia and Martin Martinez. *(Docs. 140,*

*141).* Their attorneys now seek fees and costs under 42 U.S.C. § 1988(b) because the Artesia Defendants prevailed on their motion for summary judgment. *See Doc. 152* at 3. Counsel characterizes the suit against the Artesia Defendants as "frivolous" because "prior to amending their complaint all the facts necessary for them to determine that their claims . . . were without even slight legal support." *Id.* at 5. I disagree.

It is well-established that "a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore,* 218 F.3d 1190, 1203 (10th Cir. 2000) (citations and internal quotations omitted). Indeed, as District Judge Browning recently observed, the *Mitchell* court observed that "rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Duprey v. Twelfth Judicial District Court,* 2009 WL 2482171 at *40 (2009). Judge Browning further noted that the Supreme Court had cautioned against

> post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Id. (*quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. at 421-22).

As set forth in Plaintiff's response brief in opposition to the motion, the Complaint did not initially name any Artesia Defendants because there was no evidence to support any claims against them. Only in the course of discovery and after the depositions of certain Eddy County employees did it became clear that the Eddy County Defendants contemplated blaming, at least in part, the Artesia defendants for the injuries of Augustine Gutierrez. Although the novel "crying wolf" theory of liability had little evidentiary support, Plaintiffs would be at a loss if only

2

Eddy County Defendants could use that theory of liability to their advantage. Given little choice at that juncture, I believe that Plaintiffs acted in good faith in amending the complaint to also bring suit against the Artesia Defendants.

"Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg Garment Co. v. EEOC, 434 U.S. at 421-22.* Nowhere have I characterized the suit against the Artesia Defendants as "frivolous," "vexatious," or "brought to harass or embarrass the defendants." This case simply does not present the rare situation where defense fees are appropriate under 42 U.S.C. § 1988, and I decline to award them.

Wherefore,

IT IS HEREBY ORDERED that the Artesia Defendants' motion for fees and costs *(Doc. 152)* is denied.

IT IS FURTHER ORDERED that in light of the judgment in their favor, the Clerk adjust the docket to reflect that the claims against the Artesia Defendants have been dismissed.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.